IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS

HARRISON DIVISION

RONN D. ROSE                                                                                          PLAINTIFF

v.                                              CIVIL NO. 21-cv-3055

KILOLO KIJAKAZI, Acting Commissioner                                        DEFENDANT
Social Security Administration

**MEMORANDUM OPINION**

Plaintiff, Ronn D. Rose, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying his claims for a period of disability, disability insurance benefits ("DIB"), and supplemental security income ("SSI") benefits under Titles II and XVI of the Social Security Act (hereinafter "the Act"), 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405 (g).

Plaintiff protectively filed his applications for DIB and SSI on May 7, 2019. (Tr. 275). In his applications, Plaintiff alleged disability beginning on March 7, 2010, due to blindness in the left eye, vision problems in the right eye, anxiety, panic attacks, high blood pressure, and ulcerative colitis. (Tr. 206, 257, 301). An administrative hearing was held via telephone on November 17, 2020, at which Plaintiff appeared with counsel and testified. (Tr. 108–146). A vocational expert ("VE") also testified. *Id*.

On December 23, 2020, the ALJ issued an unfavorable decision. (Tr. 9–32).  The ALJ found that Plaintiff met the insured status requirements of the Social Security Act through December 31, 2016. (Tr. 13). He found that Plaintiff had the following severe impairments:

1

hypertension, vision loss in left eye, and headaches. (Tr. 13–15). The ALJ found Plaintiff's impairments did not meet or medically equal the severity of any of the impairments listed in 20 CFR Part 404. (Tr. 15–16). The ALJ found that, as of May 22, 2019, Plaintiff retained the residual functional capacity (RFC) to:

> [P]erform medium work as defined in 20 C.F.R. §§404.1567(c) and 416.967(c) except the claimant is blind in the left eye, but has vision in the right eye and can read with corrected lenses. The claimant must avoid working around unprotected heights or dangerous machinery. The claimant must also avoid working at jobs that require keen peripheral vision.
> (Tr. 16–19).

The ALJ found Plaintiff was unable to perform any of his past relevant work. (Tr. 19). With the assistance of the VE, the ALJ found Plaintiff could perform the representative occupations of dining room attendant, kitchen helper, or auto detailer. (Tr. 19–20). The ALJ found Plaintiff was not disabled from March 7, 2010, through the date of his decision. (Tr. 20). Subsequently, Plaintiff filed this action. (ECF No. 2). This case is before the undersigned pursuant to the consent of the parties. (ECF No. 5). Both parties have filed appeal briefs, and the case is now ready for decision. (ECF Nos. 13, 14).

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F. 3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have

decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

Plaintiff raises the following points on appeal: 1) whether the ALJ erred in failing to find Plaintiff's had any severe mental impairments; 2) whether the ALJ's RFC findings were supported by substantial evidence; and 3) whether the ALJ erred in failing to make a legally proper credibility finding. (ECF No. 13). Defendant argues the ALJ did not err by failing to find Plaintiff's mental impairments severe at step two, and any error would have been harmless as Plaintiff's impairments were all considered in the RFC determination. (ECF No. 14). Defendant argues the ALJ did consider Plaintiff's treatment records from Counseling Associates, including those from Diane Martus, both at step two and at step four. Defendant points out the witness statement from J. Troy Massey and the questionnaire completed by Diane Martus were not before the ALJ, but were submitted to the Appeals Council with his request for review.

In this case, the ALJ found all opinion evidence regarding Plaintiff's mental impairments not persuasive. (Tr. 18). Kevin Santulli, PhD, and Rachel Morrisey, PhD, both opined that Plaintiff had moderate difficulties affection his ability to sustain concentration and understand, remember, and apply information resulting in a limitation to unskilled work. (Tr. 18, 170, 185–86).There was no other opinion evidence regarding Plaintiff's ability to function in the workplace, other than the evaluation provided by Dianne Martaus, LCSW, and that opinion was not available to the ALJ at the time of his decision. (Tr. 33–38).

RFC is the most a person can do despite that person's limitations. 20 C.F.R. §§ 404.1545, 416.945. A disability claimant has the burden of establishing his or her RFC. *Vossen v. Astrue,*

3

612 F. 3d 1011, 1016 (8th Cir. 2010). "The ALJ determines a claimant's RFC based on all relevant evidence in the record, including medical records, observations of treating physicians and others, and the claimant's own descriptions of his or her limitations." *Jones v. Astrue*, 619 F.3d 963, 971 (8th Cir. 2010); *Davidson v. Astrue*, 578 F.3d 838, 844 (8th Cir. 2009). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Miller v. Colvin*, 784 F.3d 472, 479 (8th Cir. 2015) (citing *Lauer v. Apfel,* 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace. *Perks v. Astrue*, 687 F.3d 1086, 1092 (8th Cir. 2012). In this case, the ALJ did not rely upon any evidence showing Plaintiff's ability to function in the workplace, and thus his RFC determination was not supported by substantial evidence.

On remand, the ALJ is directed to address interrogatories to appropriate experts to consider bother physical and mental impairments, requesting that said experts review all of Plaintiff's medical records; complete RFC assessments regarding Plaintiff's capabilities during the time period in question; and provide the objective basis for the assessment so that an informed decision can be made regarding Plaintiff's ability to perform basic work activities on a sustained basis. With this evidence, the ALJ should then re-evaluate Plaintiff's RFC and specifically list in a hypothetical to a vocational expert any limitations that are indicated in the RFC assessments and supported by the evidence.

## I.     Conclusion

Accordingly, the Court concludes that the ALJ's decision is not supported by substantial evidence, and therefore, the denial of benefits to the Plaintiff should be reversed and this matter

should be remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. §405(g).

    IT IS SO ORDERED this 28th day of July 2022.

                                        /s/ *Christy Comstock*
                                        HON. CHRISTY COMSTOCK
                                        UNITED STATES MAGISTRATE JUDGE